McDONALD, Respondent, vs. SCHAEFER and another, imp., Appellants.

*May 10—June 20, 1932.*

416

For the appellants there was a brief by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Joseph E. Tierney.*

For the respondent there was a brief by *Kaftan & Bong* of Green Bay, and oral argument by *Robert A. Kaftan.*

ROSENBERRY, C. J.  It is manifest that a determination of the relations between the plaintiff and the defendant is a controlling consideration in the determination of all issues raised with respect to the transaction.  It is undoubtedly true that so far as the state is concerned there could be only a principal contractor, subcontractor, materialmen, and laborers.  If that be true, in what way does that operate to determine the relation of plaintiff and defendant working upon a single job under a single bid? Is there anything in the law which prevents a successful bidder making such arrangements as he may see fit with others in respect to the work called for by the contract?  Does the mere fact that in his dealings with the state he is responsible for the performance of the entire contract render him incapable of entering into an arrangement by which another would do part of the work upon the other's own account, the contractor to do the remaining part of the work upon his own account, the equities of the parties to be worked out accordingly? Probably no one would have been more surprised than McDonald would have been had he been charged under the original arrangement as a principal contractor and made liable as between him and Schaefer for any default of the state with reference to the performance of Schaefer's part of the undertaking.  It appears, the trial court says without dispute, that the plaintiff and defendant, after the letting of the contract, proceeded to do the work in exactly the same manner as it would have been performed had the original bid been accepted.  No doubt the contract between the defend-

ant and the state concludes the defendant and the plaintiff from asserting that McDonald as against the state had any interest in the contract. As against the state the interest of both parties must be worked out in the name of the defendant. However, we fail to see anything in the transaction which prevents the making of a different arrangement as between the plaintiff and the defendant themselves. As the court finds, Schaefer had no control over the plaintiff as he would have had had McDonald been a subcontractor. Neither did the plaintiff have any control over Schaefer. Each did his own part of the work upon his own account.

Upon the argument it was urged that when the bid was changed by striking out the name McDonald and writing in the name of Schaefer, the original arrangement was at an end and the subsequent rights of the parties were referable solely to the documents. If when McDonald had been informed of the change in the bid he had refused to assent thereto, he would no doubt have been wholly within his rights. He not only failed to dissent, but he accepted the situation and continued to carry out the original arrangement. His failure to object left him exactly where he was before except that the contract was in the name of Schaefer instead of McDonald. He made no new arrangement with Schaefer, he attempted to make none, he proceeded upon the original arrangement which had resulted in the filing of the first bid. Under the arrangement as made neither party was the subcontractor of the other; each agreed to perform his particular portion of the work for the compensation stated in the bid. Neither became liable to the other for any default of the other as between themselves. Schaefer assumed responsibility as between him and the state for the completion of the contract. That, however, did not make him liable to McDonald with respect to McDonald's share in the enterprise.

The relations of the parties here are peculiar. They are neither partners nor co-adventurers, but are independent contractors as between themselves, doing their agreed share of the project upon their own account and for their own benefit, for the compensation stipulated in the contract with the state. Probably the term *associates* describes the relationship between them as nearly as it can be described by a single word. If there are equities in favor of McDonald as against the state or facts which make the state liable on account of that part of the contract to be performed by him, those claims must, under the contract, be worked out in the name of the defendant Schaefer, either by assignment or by the making of a claim under the contract.

We shall not attempt to state the account as between the parties as it is an involved and complicated matter, and even with the exercise of the greatest care we might overlook items or misinterpret situations.

The record will be remitted in the hope that the trial court with the aid of counsel will be able to determine the controversy upon the record as it stands. If that proves impossible, further testimony of course should be taken. As between the plaintiff and defendant Schaefer the account should be stated as if they were independent contractors and any services rendered by one for the other should be accounted for accordingly. If Schaefer by reason of McDonald's default was obliged under his contract with the state to do work which McDonald agreed to do and the reasonable expense of doing it exceeded the amount stipulated in the contract, McDonald will be liable accordingly.

Claims other than those described should be disposed of upon the basis indicated.

*By the Court*—Judgment reversed, and the cause remanded for further proceedings as indicated in the opinion.